Elmo PRINE, Appellant (Plaintiff below),

v.

Eldred Al THELEN, Appellee (Defendant below).

No. 4016.

Supreme Court of Wyoming.

May 12, 1972.

the University of Wyoming at Laramie. Following the accident appellant employed a service station operator to tow the vehicle from the scene of the accident to the service station. Appellee, along with three others, submitted bids for repair of the damaged vehicle, and, the appellee having submitted the low bid, was given the job of repair. Several days later the owner of the service station towed the vehicle from his place of business to appellee's body shop. Pursuant to instructions from the appellee the vehicle was placed outside of appellee's body shop building adjacent to the automobile entrance. Because of the damage the automobile could not be driven but had to be towed. The damaged vehicle had special wheels and special engine equipment. The automobile was locked and the keys given to appellee. Some time during the night of May 8, 1969, or the early morning of May 9, 1969, the vehicle was stolen from appellee's premises. The vehicle was recovered but the wheels had been removed along with parts of the engine and some of the component parts of the body. The damages occasioned by the theft were stipulated at $1,141.12. The trial court found for the appellee and entered judgment accordingly.

The appellant listed several points upon which he relied for reversal. We think, however, as shall hereinafter be set forth, that the issue is a rather narrow one. The parties agreed that there was a bailment and that under the bailment in question the bailee was required to exercise ordinary care in safeguarding the bailed property (appellant's automobile). The trial court upon requested findings by the appellant determined, among other things, that appellee was free from any negligence in the handling of appellant's vehicle. While the appellant agrees that ordinary care is the standard, he argues that ordinary care is not to be determined by custom.

There was considerable evidence concerning custom in the community. The filling station owner, who picked up the car after the accident, testified that he towed the vehicle to his service station where

V. Frank Mendicino, of Smith, Stanfield & Mendicino, Laramie, for appellant.

Alfred M. Pence, of Pence & Millett, Laramie, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This was an action for the recovery of damages to appellant's motor vehicle as a result of its theft from appellee's business premises. Appellee did business as Thelen's Body Shop and had contracted to repair the appellant's damaged automobile.

On April 29, 1969 appellant's vehicle was involved in an accident on the campus of

it remained for five or six days, that during that time the vehicle was parked outside, that he customarily handled damaged vehicles in this manner—this being the custom in the City of Laramie. Appellee testified it was his usual practice to park damaged cars outside until temporary repairs could be made and the vehicle moved inside, and, further, he had never had any cars stolen and he left his own pickup and camper outside. The evidence showed clearly that the particular vehicle, because of the nature of the damage to it, could not be moved except by being towed. Appellee testified that he had prepared many estimates for the cost of repairs to damaged automobiles and, in so doing, he went to various garages in Laramie and 75 to 90 percent of the wrecked cars were parked outside, and at only one place had he found wrecked cars parked inside a building.

As we said in Pan American Petroleum Corporation v. Like, Wyo., 381 P.2d 70, 76:

"Custom may be evidence bearing upon the question of negligence, but the standard is not fixed by custom. The standard is always due care. The presence or absence of custom does not alter that standard. Custom may assist in the determination of what constitutes due care. What others do is some evidence of what should be done, but custom is never a substitute for due care. [Citations.]

\*   \*   \*   \*   \*   \*

"Having said custom is evidence but not a conclusive standard of due care, we would again pause to point out that we cannot pass upon the question as to whether the safety equipment and operational methods specified by Pan American were 'adequate' and 'proper' under the circumstances, nor whether it used every 'reasonable' precaution suggested by experience and the known dangers. These, of course, are matters solely within the province of the jury."

It was also held in Blohm v. Cardwell Manufacturing Co., 10 Cir., 380 F.2d 341,

that evidence of custom was competent, not to prove a legal standard of care but to show what was being done in the exercise of ordinary care.

Conformity to custom is not in itself the exercise of due care but it may be regarded as a factor for consideration in determining whether or not sufficient care has been exercised in a particular case. See 65 C.J.S. Negligence § 16, p. 594.

The appellant suggests that appellee should have had a night light outside the building in the area where the automobile was parked, or that the automobile should have been moved into appellee's garage. We think these were factors which were solely for the consideration of the trial court.

We believe there was sufficient substantial evidence to support the court's finding that appellee exercised ordinary and reasonable care, and there was therefore no liability on the part of the appellee.

Affirmed.